**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

MALCOLM FORD,
Plaintiff,
v.
SCHWEID AND SONS, LLC.
Defendant.

CIVIL ACTION FILE NO.

---

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Malcolm Ford ("Plaintiff" or "Mr. Ford"), by and through undersigned counsel, and files this Complaint against Defendant Schweid and Sons, LLC("Defendant" or "Schweid"), respectfully showing the Court as follows:

## I. NATURE OF THE ACTION

1. This is an action for damages arising from Defendant's violations of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 et seq. ("ADA"), including unlawful discrimination on the basis of disability, failure to accommodate, failure to engage in the interactive process, disability-based harassment, and retaliation for engaging in statutorily protected activity, together with related claims under Georgia law for intentional infliction of emotional distress and negligent retention and supervision.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically the ADA.

3. This Court has supplemental jurisdiction over Plaintiff's state-law claims for intentional infliction of emotional distress and negligent retention and supervision pursuant to 28 U.S.C. § 1367(a), as those claims arise from a common nucleus of operative fact with Plaintiff's federal ADA claims and form part of the same case or controversy.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in and conducts business within this District, and because the unlawful employment practices alleged herein occurred within this District.

## III. ADMINISTRATIVE EXHAUSTION

5. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Atlanta District Office, assigned Charge No. 410-2025-11134.

6. On April 22, 2026, the EEOC issued Plaintiff a Determination and Notice of Rights dismissing the charge and notifying Plaintiff of his right to sue.

7. Plaintiff has satisfied all conditions precedent to filing this action, and this Complaint is filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## IV. PARTIES

8. Plaintiff Malcolm Ford is a resident of Fairburn, Fulton County, Georgia, and was at all relevant times an "employee" of Defendant within the meaning of 42 U.S.C. § 12111(4).

9. Defendant, Schweid and Sons, LLC, is upon information and belief, a corporate entity conducting business at 4280 Stacks Road, Atlanta, Georgia 30349, and was at all relevant times Plaintiff's "employer" within the meaning of 42 U.S.C. § 12111(5), employing fifteen (15) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

## V. FACTUAL ALLEGATIONS

10. Defendant hired Plaintiff on or about July 1, 2024, as a Warehouse Supervisor.

11. Throughout his employment, and in the absence of a designated Warehouse Manager, Plaintiff performed the full duties and responsibilities of the Warehouse Manager position without the corresponding title or compensation.

12. On or about May 5, 2025, in formal recognition of his performance, Defendant promoted Plaintiff to Warehouse Manager and awarded him a $10,000.00 salary increase.

13. At all relevant times, Plaintiff suffered from anxiety and depression, conditions that constitute a disability, and/or a record of a disability, within the meaning of the ADA, 42 U.S.C. § 12102.

14. Following Plaintiff's company-approved vacation from May 22 to May 28, 2025, Plaintiff's supervisor, Bruce West, engaged in a sustained course of verbal abuse, intimidation, and threats directed at Plaintiff, including occupying Plaintiff's office without permission and repeatedly disparaging his job performance.

15. By way of example, West told Plaintiff, he could "stay [home]" if he "can't listen," and threatened to "find somebody else who can [perform his job]." (West was also known to throw objects, including pens, during meetings and staff gatherings).

16. West's conduct caused a significant exacerbation of Plaintiff's anxiety and depression.

17. During Plaintiff's employment, multiple other employees of Defendant reported Bruce West's abusive, intimidating, and hostile conduct toward subordinates to Defendant, placing Defendant on actual or constructive notice of West's propensity for the type of misconduct directed at Plaintiff.

18. Despite this notice, Defendant retained West in a supervisory position with continued authority over Plaintiff and failed to adequately investigate, train, discipline, or supervise him.

19. Moreover, Plaintiff reported the hostile treatment, and its impact on his disability, to Human Resources representative Jennifer Barreiro, followed by a request for investigation and ultimately protection.

20. On or about May 28, 2025, Defendant issued Plaintiff a Performance Improvement Plan ("PIP"). (Plaintiff had not received any prior formal written disciplinary notice during his employment).

21. In response, Plaintiff worked diligently toward completing the requirements of the PIP.

22. On or about June 9, 2025, Plaintiff's grandfather passed away, forcing him to make an ill-time bereavement request.

23. While Plaintiff was on approved bereavement leave and before he had been afforded a reasonable opportunity to complete the PIP, Defendant terminated Plaintiff's employment by telephone.

24. Defendant failed to engage in any good-faith interactive process with Plaintiff regarding his request for a reasonable accommodation prior to terminating his employment.

25. The temporal proximity between Plaintiff's protected activity — his report to Human Resources and his request for bereavement leave/accommodation — and his termination, a matter of days, evidences a causal connection between the protected activity and the adverse action.

26. Defendant's stated reason for termination, "continuous performance issues," is misleading, as evidenced by: (a) Plaintiff's May 2025 promotion and $10,000.00 raise; (b) the absence of any prior written discipline; (c) the denial of a reasonable opportunity to complete the PIP; and (d) the timing and manner of the termination — by telephone, while Plaintiff was on bereavement leave.

## VI. CAUSES OF ACTION

### COUNT I — Disability Discrimination (Wrongful Termination) — 42 U.S.C. § 12112(a)

27. Plaintiff incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a qualified individual with a disability within the meaning of the ADA who was able to perform the essential functions of his position, with or without reasonable accommodation.

29. Defendant discriminated against Plaintiff on the basis of his disability by terminating his employment.

30. Defendant's proffered reason for termination is pretextual and not the true reason for the adverse action.

31. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered lost wages and benefits, emotional pain and suffering, and other damages.

**COUNT II — Failure to Accommodate / Failure to Engage in the Interactive Process — 42 U.S.C. § 12112(b)(5)(A)**

32. Plaintiff incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33. Defendant's failure to accommodate Plaintiff's disability arises out of Defendant's refusal to participate in the interactive process. Said refusal to engage ultimately resulted in Plaintiff's inability to request and receive a reasonable accommodation, as Defendant did not respond to said email or verbal attempts made by Plaintiff.

34. Defendant failed to engage in a good-faith interactive process to identify and implement a reasonable accommodation.

35. Defendant's failure to accommodate Plaintiff's disability constitutes an independent violation of the ADA.

36. As a direct and proximate result, Plaintiff has suffered damages.

**COUNT III — Hostile Work Environment (Disability-Based Harassment)**

37. Plaintiff incorporates by reference paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff was subjected to unwelcome harassment based on his disability, including verbal abuse and threats by his direct supervisor.

39. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and create an abusive working environment.

40. Defendant knew or should have known of the harassment through Plaintiff's report to Human Resources and failed to take prompt, effective remedial action.

41. As a direct and proximate result, Plaintiff has suffered damages.

**COUNT IV — Retaliation — 42 U.S.C. § 12203(a)**

42. Plaintiff incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

43. Plaintiff engaged in statutorily protected activity by reporting disability-based harassment and requesting a reasonable accommodation to Human Resources.

44. Defendant subjected Plaintiff to an adverse employment action — termination — within days of his protected activity.

45. A causal connection exists between Plaintiff's protected activity and his termination based on the close temporal proximity between the two events.

46. Defendant's stated reasons for termination are pretextual and designed to mask its true retaliatory motive.

47. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered damages.

**COUNT V — Intentional Infliction of Emotional Distress (Georgia Law)**

48. Plaintiff incorporates by reference paragraphs 1 through 47 as though fully set forth herein.

49. Bruce West, acting within the course and scope of his supervisory authority over Plaintiff, engaged in a sustained course of verbal abuse, intimidation, and threats to Plaintiff's employment. Conduct which specifically targeted Plaintiff's employment security while West knew or should have known of Plaintiff's disability.

50. This conduct was extreme and outrageous, exceeding all bounds of decency tolerated in a civilized society, particularly given West's position of authority over Plaintiff, the targeted nature of the threats, and West's continuation of the conduct after Plaintiff reported its impact on his mental health to Human Resources.

51. Defendant, through Human Resources, was placed on notice of West's conduct and its effect on Plaintiff's disability and, on information and belief, had also received prior reports from other employees concerning West's abusive conduct, yet failed to intervene,

and instead terminated Plaintiff's employment by telephone while he was grieving the death of his grandfather.

52. Defendant is liable for West's conduct under the doctrine of respondeat superior, as the conduct occurred within the course and scope of West's supervisory duties over Plaintiff, and/or under a theory of ratification, as Defendant failed to take corrective action after being placed on notice of the conduct.

53. West's conduct, and Defendant's ratification of and failure to remediate it, was intended to cause, or was in reckless disregard of the probability that it would cause, Plaintiff to suffer severe emotional distress.

54. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress, including a significant exacerbation of his pre-existing anxiety and depression, entitling Plaintiff to compensatory and punitive damages.

**COUNT VI — Negligent Retention and Supervision (Georgia Law)**

55. Plaintiff incorporates by reference paragraphs 1 through 54 as though fully set forth herein.

56. Defendant owed Plaintiff a duty to exercise ordinary care in the retention, training, and supervision of its employees, including Bruce West.

57. During Plaintiff's employment, multiple other employees of Defendant reported Bruce West's abusive, intimidating, or hostile conduct toward subordinates to Defendant.

58. Through these reports, and Plaintiff's own report concerning West's conduct, Defendant knew or should have known that West had a propensity for abusive conduct toward subordinates and was unsuited for continued service in a supervisory role.

59. Notwithstanding this actual or constructive knowledge, Defendant negligently retained West in a supervisory position with continued authority over Plaintiff and negligently failed to adequately investigate, train, discipline, or supervise him.

60. Defendant's negligent retention and supervision of West was a proximate cause of the harm Plaintiff suffered, including the exacerbation of his disability and the harm flowing from his subsequent termination.

61. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered damages, entitling Plaintiff to compensatory damages under Georgia law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) enter judgment in favor of Plaintiff and against Defendant on all Counts;

(b) award Plaintiff back pay and lost benefits, with prejudgment interest;

(c) award Plaintiff front pay in lieu of reinstatement;

(d) award Plaintiff compensatory damages, including for emotional pain and suffering, under both the ADA and Georgia law;

(e) award Plaintiff punitive damages on Counts I through IV, subject to the statutory caps set forth in 42 U.S.C. § 1981a(b)(3), and punitive damages on Count V under O.C.G.A. § 51-12-5.1, including damages uncapped by O.C.G.A. § 51-12-5.1(f) to the extent Defendant's conduct is found to have been undertaken with the specific intent to cause harm;

(f) award Plaintiff reasonable attorneys' fees, costs, and expenses of litigation pursuant to 42 U.S.C. § 12205 and O.C.G.A. § 13-6-11;

(g) award pre- and post-judgment interest as allowed by law; and

(h) grant such other and further relief as this Court deems just and proper.

(SIGNATURE PAGE FOLLOWS)

Respectfully submitted this 17th day of July 2026,

/S/Lakeesh S. Dent____
Lakeesh S. Dent, ESQ.
Counsel for Claimant
Georgia Bar #: 139728

The Dent Law Group, LLC

Post Office Box 1468

Conley, Georgia 30288

P: 404.301.4440 | F: 404.301.4439

E: Attorney@hitback.law

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 17th day of July 2026,

/S/Lakeesh S. Dent____
Lakeesh S. Dent, ESQ.
Counsel for Claimant
Georgia Bar #: 139728

The Dent Law Group, LLC
Post Office Box 1468
Conley, Georgia 30288
P: 404.301.4440 | F: 404.301.4439
E: Attorney@hitback.law

LD/CAL